FORM NLRB-501      I/O

FORM EXEMPT UNDER 44 U S C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 2–CA–40056 | 8/6/10 |

**INSTRUCTIONS**
File an original and 4 copies of this charge with NLRB Regional Director for
the region in which the alleged unfair labor practice occurred or is occurring.

### 1   EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a  Name of Employer | b  Number of workers employed |
|---|---|
| Pre School of America | 30+ |

| c  Address (street, city, state, ZIP code) | d  Employer Representative | e. Telephone No. & Fax No. |
|---|---|---|
| 101 West End Avenue<br>New York, 10023 | Joanne Fan, Owner | (212) 362-0135 |

| f  Type of Establishment (factory, mine, wholesaler, etc ) | g.  Identify principal product or service |
|---|---|
| Day Care Services | Child Care |

h.  The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1 )  and (3 ) of the National Labor Relations Act and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act

2.  Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about August 5, 2010, the above-named Employer, by its agents, officers and representatives, terminated employees Hope Dublin, Joan Deleon  and Anesia Lloyed on August 6, 2010, because of their support and activities on behalf of District Council 1707, AFSCME, AFL-CIO.

3  Full name of party filing charge (if labor organization, give full name, including local name and number)
District Council 1707, AFSCME, AFL-CIO

| 4a  Address (street and number, city, state and ZIP code) | 4b  Telephone No. & Fax No |
|---|---|
| 101 Ave of the Americas<br>New York, NY 10013 | Cell:   201 220 3647 |

5  Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

### 6  DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief

| By _____ Signature of representative or person making charge      Julian De Jesus | 8 / 6 / 10 | Title  Organizer |
|---|---|---|

| Address<br>Same as above | Telephone No<br>Same as above | Date<br>August 6, 2010 |
|---|---|---|

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT
(U.S. CODE, TITLE 18, SECTION 1001)

## AFFIDAVIT OF SERVICE

Pre School of America
Attn: Joanne Fan, Owner
101 West End Avenue
New York, NY 10023

> Re:  Pre School of America
>      Case No.  2-CA-40056
>
>      Farrell Tate

[ X ]CHARGE        [   ]PETITION

I certified that I served the above-referenced letter this day by post paid regular mail on the addressee above together with a transmittal letter.  This is a true copy.

Subscribed and sworn to by me

_Lisa We_____

This_____10_____day of ____August_____2010

_Tanya Wkhan_____
Designated Agent

FORM NLRB-501     I.O  
UNITED STATES OF AMERICA  
NATIONAL LABOR RELATIONS BOARD  
**AMENDED CHARGE AGAINST EMPLOYER**

FORM EXEMPT UNDER 44 U.S.C. 3512  
DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|---|---|
| 2-CA-40056 | 9/20/10 |

**INSTRUCTIONS**  
File an original and 4 copies of this charge with NLRB Regional Director for  
the region in which the alleged unfair labor practice occurred or is occurring.

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| a. Name of Employer | b. Number of workers employed |
|---|---|
| Preschool of America | 1000+ |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No. & Fax No. |
|---|---|---|
| 101 West End Avenue, NY, NY 10023 1501 Lexington Avenue, NY, NY 10128 | Joanna Fan | 212-362-0135 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| School | day care and education |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a)(1), (3) and (4) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about August 5, 2010, the above-named Employer, by its agents, officers and representatives, terminated employees Hope Dublin, Joan Deleon, Anesia Lloyd, Tatiana Navia, Tamika Singleton, Samantha Gordian-Grerena, and other similarly situated employees because of their support for and activities on behalf of District Council 1707, AFSCME, AFL-CIO (Union).

On or about August 16, 2010, the above-named Employer, by its agents, officers and representatives terminated employees Catherine Duran and Tatyana Gibbs and other similarly situated employees because of their support for and activities on behalf of the Union.

On or about August 24, 2010, the above-named Employer, by its agents, officers and representatives, terminated employees Wendy Puello and Dianna DeLeon and other similarly situated employees because of their support for and activities on behalf of the Union.

On or about August 27, 2010, the above-named Employer, by its agents, officers and representatives, terminated employees Evelyn Aguirre, Magaly Linares and Reina Peralta and other similarly situated employees because of their support for and activities on behalf of the Union.

On or about September 8, 2010, the above-named Employer, by its agents, officers and representatives, terminated employee Amanda Nunes and other similarly situated employees because of their support for and activities on behalf of the Union.

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies.

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, solicited the rescission of its employees Union authorization cards.

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, created an impression among its employees that their Union activities were under surveillance by Employer.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)  
District Council 1707, AFSCME, AFL-CIO

| 4a. Address (street and number, city, state and ZIP code) | 4b Telephone No. & Fax No |
|---|---|
| 75 Varick Street, New York, NY 10010 | (ph) 212-219-0022 (fax) 212-925-0806 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

**6. DECLARATION**  
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By | Title Attorney |
|---|---|
| Signature of representative or person making charge Harvey S. Mars | |

| Address | Telephone No. | Date |
|---|---|---|
| 322 West 48th Street, New York, NY | 212-765-4300 | September 8, 2010 |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT  
(U.S. CODE, TITLE 18, SECTION 1001)

RECEIVED  
SEP 20 2010  
SECOND REGION  
NEW YORK, N.Y.  
NLRB

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around June 23, 2010, the above-named Employer, by its agent Kathy Huang in its facility located at 101 West End Avenue. interrogated its employees about their Union sympathies.

On or around June 23, 2010, the above-named Employer, by its agent Kathy Huang in its facility located at 101 West End Avenue solicited the rescission of its employees Union authorization cards.

On or around June 24, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue threatened employees with termination if they supported the Union.

On or around June 24, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, interrogated employees about their Union sympathies.

On or around late June 2010, the above-named Employer, by its agent Kathy Huang in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies and activities and the Union sympathies and activities of their co-workers.

On or around late June 2010, the above-named Employer, by its agent Robin Mauro in a letter threatened its employees at 101 West End Avenue with unspecified reprisals if they supported the Union.

On or around July 7, 2010, the above-named Employer, by its officers, agents and representatives reduced the work hours of employee Samantha Gordian-Gerena because of her support for and activities on behalf of the Union, and because she engaged in other protected concerted activities.

On or around July 9, 2010, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, threatened employees with termination if they engaged in a strike.

On or around July 9, 2010, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, threatened employees with termination if they supported the Union.

On or around July 19, 2010, the above-named Employer, by its agent Joanna Fan in its facility at West End Avenue threatened its employees with unspecified reprisals unless the employees voted against the Union.

On or around July 19, 2010, the above named Employer, by its agent Joanna Fan in its facility at 101 West End Avenue promised its employees that terms and conditions of employment would improve if they voted against the Union.

On or around July 19, 2010, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, interrogated its employees about their Union activities and sympathies and the Union activities and sympathies of their co-workers.

On or around July 19, 2010, the above-named Employer by its agent Robin Mauro in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union.

On or around July 19, 2010, the above named Employer, by its agent Robin Maura in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 19, 2010, the above-named Employer, by its agent Robin Maura in its facility located at 101 West End Avenue, threatened its employees with discharge if they went on strike.

On or around July 21, 2010, the above-named Employer, by its officers, agents and representatives issued a written warning to Wendy Puello because she testified on behalf of the Union in Case No. 2-RC-23509.

On or around July 26, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 26, 2010, the above-named Employer by its agent Joanna Fan in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union.

On or around July 27, 2010, the above-named Employer, by its agent Mego Gojka in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 27, 2010, the above named Employer, by its agent Mego Gojka in its facility located at 101 West End Avenue threatened employees with discharge if they engaged in a strike.

On or around July 27, 2010, the above-named Employer, by its agent Robin Maura in its facility located at 101 West End Avenue, threatened its employees with discharge if they went on strike.

On or around July 28, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 28, 2010, the above named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue threatened employees with discharge if they engaged in a strike.

On or around July 28, 2010, the above-named Employer, by its agent Joanna Fan in its facility at West End Avenue threatened its employees with unspecified reprisals unless the employees voted against the Union.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 1501 Lexington Avenue threatened employees with a five year wage freeze if they supported the Union.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 1501 Lexington Avenue promised employees benefits, including 2% raises, if they employees did not support the Union.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 1501 Lexington Avenue threatened to shut down the facility if the employees supported the Union.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 1501 Lexington Avenue informed employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 1501 Lexington Avenue threatened employees with a change in working conditions, i.e. that the employees could not speak directly to supervisors, if the employees supported the Union.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 1501 Lexington Avenue threatened employees with unspecified reprisals if they supported the Union.

On or around August 10, 2010, the above-named Employer by its agent Gina (lnu) in its facility at 1501 Lexington Avenue gave employees the impression that their Union activities were under surveillance by the Employer.

On or around August 10, 2010, the above-named Employer by its agent Gina (lnu) in its facility at 1501 Lexington Avenue told employees that employees at the West End facility had been terminated for their Union activities.

On or around mid-August 2010, the above named Employer by its agent Kelly Huang in its facility at 1501 Lexington Avenue threatened employees with termination if they supported the Union.

On or around August 16, 2010, the above-named Employer by its agent Gina (Inu) in its facility at 1501 Lexington Avenue informed employees that it would be futile for them to select the Union as their bargaining representative.

On or around August 16, 2010, the above-named Employer by its agent Gina (Inu) in its facility at 1501 Lexington Avenue threatened employees with termination if they support the Union.

On or around August 16, 2010, the above-named Employer by its agent Gina (Inu) in its facility at 1501 Lexington Avenue told employees that employees at the West End facility had been terminated for their Union activities.

On or around August 24, 2010, the above-named Employer by letter signed by its agent Joanna Fan in its facility at 1501 Lexington Avenue threatened employees with termination if they supported the Union and/or engaged in protected concerted activities.

On or around August 24, 2010, the above-named Employer by its agent Gina (Inu) in its facility at 1501 Lexington Avenue told employees that Dianna DeLeon was terminated because she engaged in protected concerted activities and activities on behalf of the Union.

On or around August 24, 2010, the above-named Employer by its agent Gina (Inu) in its facility at 1501 Lexington Avenue informed employees that it would be futile for them to select the Union as their bargaining representative.

On or around August 31, 2010, the above-named Employer by its agent Kelly Huang in its facility at 1501 Lexington Avenue promised employees benefits if the employees did not support the Union, including a 2% wage increase.

On or around August 31, 2010, the above-named Employer by its agent Kelly Huang in its facility at 1501 Lexington Avenue threatened that employees would not receive wage increases if they supported the Union.

On or around August 31, 2010, the above-named Employer by its agent Kelley Huang in its facility at 1501 Lexington Avenue threatened employees with discharge if they supported the Union.

AFFIDAVIT OF SERVICE

Pre School of America
Joanne Fan
Owner
101 West End Avenue
New York, NY 10023

> Re:   Pre School of America
>       Case No.  2-CA-40056
>
>       Geoffrey Dunham

AMENDED
[   X   ] CHARGE        [        ] PETITION

I certify that I served the above-referenced letter this day by post paid regular mail on the addressee above together with a transmittal letter.  This is a true copy.

Subscribed and sworn to before me

This___23rd_____day of_____September_____2010

Designated Agent

FORM NLRB-501        LO
UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**SECOND AMENDED CHARGE AGAINST EMPLOYER**

FORM EXEMPT UNDER 44 U.S.C 3512

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 2-CA-40056 | 12/30/10 |

**INSTRUCTIONS**
File an original and 4 copies of this charge with NLRB Regional Director for
the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a Name of Employer | | b. Number of workers employed |
|---|---|---|
| Preschool of America | | 1000+ |

| c Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No. & Fax No. |
|---|---|---|
| 101 West End Avenue, NY, NY 10023 | Joanna Fan | 212-362-0135 |
| 1501 Lexington Avenue, NY, NY 10128 | | |

| f   Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| School | day care and education |

h.  The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a)(1), (3), (4) and (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act

2  Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about August 5, 2010, the above-named Employer, by its agents, officers and representatives, terminated employees Hope Dublin, Joan Deleon, Anesia Lloyd, Tatiana Navia, Tamika Singleton, Samantha Gordian-Grerena, and other similarly situated employees because of their support for and activities on behalf of District Council 1707, AFSCME, AFL-CIO (Union).

On or about August 16, 2010, the above-named Employer, by its agents, officers and representatives terminated employees Catherine Duran and Tatyana Gibbs and other similarly situated employees because of their support for and activities on behalf of the Union.

On or about August 24, 2010, the above named Employer, by its agents, officers and representatives, terminated employees Wendy Puello and Dianna DeLeon and other similarly situated employees because of their support for and activities on behalf of the Union.

On or about August 27, 2010, the above-named Employer, by its agents, officers and representatives, terminated employees Evelyn Aguirre, Magaly Linares and Reina Peralta and other similarly situated employees because of their support for and activities on behalf of the Union.

On or about September 8, 2010, the above-named Employer, by its agents, officers and representatives, terminated employee Amanda Nunes and other similarly situated employees because of their support for and activities on behalf of the Union.

On or around August 5, 2010, August 16, August 27 and again on September 8, the above named Employer by its agents, officers and representatives has failed and refused to bargain with the Union over a mandatory subject of bargaining, namely the termination of the aforementioned employees on the dates described herein.

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies.

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, solicited the rescission of its employees Union authorization cards.

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, created an impression among its employees that their Union activities were under surveillance by Employer.

3  Full name of party filing charge (if labor organization, give full name, including local name and number)
District Council 1707, AFSCME, AFL-CIO

| 4a  Address (street and number, city, state and ZIP code) | 4b. Telephone No. & Fax No. |
|---|---|
| 75 Varick Street, New York, NY 10010 | (ph) 212-219-0022 |
| | (fax) 212-925-0806 |

5  Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization.

### 6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By   _Harvey S. Mars_ (signature) | Title  Attorney |
|---|---|
| Signature of representative or person making charge  Harvey S. Mars | |
| Address | Telephone No. | Date |
| 322 West 48th Street, New York, NY | 212-765-4300 | September 8, 2010 |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT
(U.S. CODE, TITLE 18, SECTION 1001)

RECEIVED
DEC 3 0 2010
SECOND REGION
NEW YORK, N.Y.
NLRB

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around June 23, 2010, the above-named Employer, by its agent Kathy Huang in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies.

On or around June 23, 2010, the above-named Employer, by its agent Kathy Huang in its facility located at 101 West End Avenue solicited the rescission of its employees Union authorization cards.

On or around June 24, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue threatened employees with termination if they supported the Union.

On or around June 24, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, interrogated employees about their Union sympathies.

On or around late June 2010, the above-named Employer, by its agent Kathy Huang in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies and the Union sympathies of their co-workers.

On or around late June 2010, the above-named Employer, by its agent Robin Mauro in a letter threatened its employees at 101 West End Avenue with unspecified reprisals if they supported the Union.

On or around July 7, 2010, the above-named Employer by its officers, agents and representatives reduced the work hours of employee Samantha Gordian-Gerena because of her support for and activities on behalf of the Union, and because she engaged in other unfair labor practices.

On or around July 9, 2010, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, threatened employees with termination if they engaged in a strike.

On or around July 9, 2010, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, threatened employees with termination if they supported the Union.

On or around July 9, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, informed employees that support for the Union would be futile.

On or around July 16, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue threatened employees with discharge if they supported the Union.

On or around July 19, 2010, the above-named Employer, by its agent Joanna Fan in its facilities at West End Avenue and on or around August 6 at its facility located at 1501 Lexington Avenue threatened that its employees would be replaced if they went on strike and threatened its employees with decreased benefits and plant closure if the employees supported the Union.

On or around late July 2010, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, interrogated its employees about their Union activities and sympathies and the Union activities and sympathies of their co-workers.

On or around July 19, 2010, the above-named Employer by its agent Robin Mauro in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union.

On or around July 19, 2010, the above-named Employer, by its agent Robin Maura in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 19, 2010, the above-named Employer, by its agent Robin Maura in its facility located at 101 West End Avenue, threatened its employees with discharge if they went on strike.

On or around July 21, 2010, the above-named Employer, by its officers, agents and representatives issued a written warning to Wendy Puello because she testified on behalf of the Union in Case No. 2-RC-23509.

On or around July 23, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, interrogated employees about their Union sympathies, informed employees that support for the Union would be futile, and gave employees the impression that their Union activities were under surveillance by the Employer.

On or around July 26, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 26, 2010, the above-named Employer by its agent Joanna Fan in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union.

On or around July 27, 2010, the above-named Employer, by its agent Mego Gojka in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 27, 2010, the above named Employer, by its agent Mego Gojka in its facility located at 101 West End Avenue threatened employees with discharge if they engaged in a strike.

On or around July 27, 2010, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, threatened its employees with discharge if they went on strike.

On or around July 27, 2010, the above-named Employer, by its agent Robin Mauro or Mego Gojka in its facility at 101 West End Avenue, threatened employees with termination if they supported the Union.

On or around July 28, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue promised employees with increased benefits if they refrained from supporting the Union, informed employees that support for the Union was futile and threatened employees with unspecified reprisals unless the employees voted against the Union.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue threatened employees with termination if they engaged in a strike.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue threatened employees with a five year wage freeze if they supported the Union and promised employees increased benefits if they did not support the Union, including a 2% wage increase.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue informed employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue threatened employees with a change in working conditions, i.e. that the employees could not speak directly to supervisors, if the employees supported the Union.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue threatened to close the facility if the employees supported the Union.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue threatened employees with unspecified reprisals if they supported the Union.

On or around August 2, 2010, the above-named Employer by its agent Joanna Fan in its facility located at 101 West End Avenue interrogated employees about their Union sympathies.

On or around August 5, 2010, the above-named Employer by its agent Joanna Fan in its facility located at 1501 Lexington Avenue informed employees that support for the Union would be futile, created the impression that employees Union activities were under surveillance, and threatened employees with decreased benefits, changed terms and conditions of employment and unspecified reprisals if they supported the Union.

On or around the first week of August, the above-named Employer by its agent Kelly Li at its facility located at 1501 Lexington Avenue threatened employees with termination and decreased benefits if they supported the Union.

On or around August 10, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue gave employees the impression that their Union activities were under surveillance by the Employer.

On or around August 10, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue told employees that employees at the West End facility had been terminated for their Union activities.

On or around August 10, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue threatened employees with termination if they supported the Union.

On or around August 13 2010, the above-named Employer by its agent Kelly Li in its facility at 1501 Lexington Avenue threatened employees with termination if they supported the Union.

On or around August 16, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue informed employees that it would be futile for them to select the Union as their bargaining representative.

On or around August 16, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue threatened employees with termination if they support the Union.

On or around August 16, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue told employees that employees at the West End facility had been terminated for their Union activities.

On or around August 19, 2010, the above-named Employer by its agent Mego Gojka near its facility at 101 West End Avenue informed employees that they were terminated for supporting the Union.

On or around August 24, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue informed employees that it would be futile for them to select the Union as their bargaining representative.

On or around August 24, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue told employees that Dianna DeLeon was terminated because she engaged in protected concerted activities and activities on behalf of the Union.



AFFIDAVIT OF SERVICE

Pre School of America
Attn: Joanne Fan, Owner
101 West End Avenue
New York, NY 10023

Re:   Pre School of America
       Case No.  2-CA-40056

       Nicole Buffalano

              AMENDED
[  X  ] CHARGE          [      ] PETITION

I certify that I served the above-referenced letter this day by post paid regular mail on the
addressee above together with a transmittal letter.  This is a true copy.

Subscribed and sworn to before me

This        3        day of        Jan                2011

                            Designated Agent

FORM NLRB-501    LO
UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**THIRD AMENDED CHARGE AGAINST EMPLOYER**

FORM EXEMPT UNDER 44 U.S.C. 3512
**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|-----------|
| 2-CA-40056 | 1/13/11 |

INSTRUCTIONS
File an original and 4 copies of this charge with NLRB Regional Director for
the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| Preschool of America | | 1000+ |
| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No. & Fax No. |
| 101 West End Avenue, NY, NY 10023 1501 Lexington Avenue, NY, NY 10128 | Joanna Fan | 212-362-0135 |
| f. Type of Establishment (factory, mine, wholesaler, etc.) School | g. Identify principal product or service day care and education | |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a)**(1), (3), (4) and (5)**
of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about August 5, 2010, the above-named Employer, by its agents, officers and representatives, terminated employees
Hope Dublin, Joan Deleon, Anesia Lloyd, Tatiana Navia, Tamika Singleton, and other similarly situated employees because of
their support for and activities on behalf of District Council 1707, AFSCME, AFL-CIO (Union).

On or about August 16, 2010, the above-named Employer, by its agents, officers and representatives terminated employees
Catherine Duran and Tatyana Gibbs and other similarly situated employees because of their support for and activities on behalf
of the Union.

On or about August 24, 2010, the above named Employer, by its agents, officers and representatives, terminated employees
Wendy Puello and Dianna DeLeon and other similarly situated employees because of their support for and activities on behalf of
the Union.

On or about August 27, 2010, the above-named Employer, by its agents, officers and representatives, terminated employees
Evelyn Aguirre, Magaly Linares and Reina Peralta and other similarly situated employees because of their support for and
activities on behalf of the Union.

On or about September 8, 2010, the above-named Employer, by its agents, officers and representatives, terminated employee
Amanda Nunes and other similarly situated employees because of their support for and activities on behalf of the Union.

On or around August 5, 2010, August 16, August 27 and again on September 8, the above named Employer by its agents,
officers and representatives has failed and refused to bargain with the Union over a mandatory subject of bargaining, namely the
termination of the aforementioned employees on the dates described herein.

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End
Avenue, interrogated its employees about their Union sympathies.

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End
Avenue, solicited the rescission of its employees Union authorization cards.

On or around June 21, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End
Avenue, created an impression among its employees that their Union activities were under surveillance by Employer.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

District Council 1707, AFSCME, AFL-CIO

| 4a. Address (street and number, city, state and ZIP code) 75 Varick Street, New York, NY 10010 | 4b. Telephone No. & Fax No (ph) 212-219-0022 (fax) 212-925-0806 |
|---|---|

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed
by a labor organization.

## 6 DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief

By _Harvey S. Mars_     Title Attorney

Signature of representative or person making charge Harvey S. Mars

| Address 322 West 48th Street, New York, NY | Telephone No. 212-765-4300 | Date January 11, 2011 |
|---|---|---|

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT
(U.S. CODE, TITLE 18, SECTION 1001)

On or around June 23, 2010, the above-named Employer, by its agent Kathy Huang in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies.

On or around June 23, 2010, the above-named Employer, by its agent Kathy Huang in its facility located at 101 West End Avenue solicited the rescission of its employees Union authorization cards.

On or around June 24, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue threatened employees with termination if they supported the Union.

On or around June 24, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, interrogated employees about their Union sympathies.

On or around late June 2010, the above-named Employer, by its agent Robin Mauro in a letter threatened its employees at 101 West End Avenue with unspecified reprisals if they supported the Union.

On or around July 9, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, informed employees that support for the Union would be futile.

On or around July 16, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue threatened employees with discharge if they supported the Union.

On or around July 19, 2010, the above-named Employer, by its agent Joanna Fan in its facilities at West End Avenue and on or around August 6 at its facility located at 1501 Lexington Avenue threatened that its employees would be replaced if they went on strike and threatened its employees with decreased benefits and plant closure if the employees supported the Union

On or around late July 2010, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, interrogated its employees about their Union activities and sympathies and the Union activities and sympathies of their co-workers.

On or around July 19, 2010, the above-named Employer by its agent Robin Mauro in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union.

On or around July 19, 2010, the above-named Employer, by its agent Robin Maura in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 21, 2010, the above-named Employer, by its officers, agents and representatives issued a written warning to Wendy Puello because she testified on behalf of the Union in Case No. 2-RC-23509.

On or around July 23, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, interrogated employees about their Union sympathies, informed employees that support for the Union would be futile, gave employees the impression that their Union activities were under surveillance by the Employer, and solicited the grievances of employees with the implicit promise to remedy their grievances.

On or around July 26, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 26, 2010, the above-named Employer by its agent Joanna Fan in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union.

On or around July 27, 2010, the above-named Employer, by its agent Mego Gojka in its facility located at 101 West End Avenue, informed its employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 27, 2010, the above named Employer, by its agent Mego Gojka in its facility located at 101 West End Avenue threatened employees with discharge if they engaged in a strike.

On or around July 27, 2010, the above-named Employer, by its agent Robin Mauro in its facility located at 101 West End Avenue, threatened its employees with discharge if they went on strike.

On or around July 27, 2010, the above-named Employer, by its agent Robin Mauro or Mego Gojka in its facility at 101 West End Avenue, threatened employees with termination if they supported the Union.

On or around July 27, 2010, the above-named Employer, by its agent Robin Mauro, Mego Gojka and/or Jill Howard in its facility at 101 West End Avenue, promised employees that the Employer would discuss improving the sick leave policy if employees abandoned support for the Union.

On or around July 28, 2010, the above-named Employer, by its agent Joanna Fan in its facility located at 101 West End Avenue promised employees with increased benefits if they refrained from supporting the Union and informed employees that support for the Union was futile.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue threatened employees with termination if they engaged in a strike.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue threatened employees with a five year wage freeze if they supported the Union and solicited employee grievances and implicitly promised to remedy any grievances.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue informed employees that it would be futile for them to select the Union as their bargaining representative.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue threatened employees with a change in working conditions.

On or around July 30, 2010, the above-named Employer by its agent Joanna Fan in its facility at 101 West End Avenue threatened employees with unspecified reprisals if they supported the Union.

On or around August 2, 2010, the above-named Employer by its agent Joanna Fan in its facility located at 101 West End Avenue interrogated employees about their Union sympathies.

On or around August 5, 2010, the above-named Employer by its agent Joanna Fan in its facility located at 1501 Lexington Avenue informed employees that support for the Union would be futile, created the impression that employees Union activities were under surveillance, promised employees increased wages if they did not select the Union as their representative, and threatened employees with changed terms and conditions of employment, unspecified reprisals and facility closure if they supported the Union.

On or around August 10, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue gave employees the impression that their Union activities were under surveillance by the Employer.

On or around August 10, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue told employees that employees at the West End facility had been terminated for their Union activities.

On or around August 10, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue threatened employees with termination if they supported the Union.

On or around August 16, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue informed employees that it would be futile for them to select the Union as their bargaining representative.

On or around August 16, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue threatened employees with termination if they support the Union.

On or around August 16, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue told employees that employees at the West End facility had been terminated for their Union activities.

On or around August 19, 2010, the above-named Employer by its agent Mego Gojka near its facility at 101 West End Avenue informed employees that they were terminated for supporting the Union.

On or around August 24, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue informed employees that it would be futile for them to select the Union as their bargaining representative.

On or around August 24, 2010, the above-named Employer by its agent Gina Cavitolo in its facility at 1501 Lexington Avenue told employees that employees at the West End facility had been terminated for Union activities and threatened employees with discharge if they supported the Union.

On or around the last week of August, the above-named Employer by its agent Kelly Li at its facility located at 1501 Lexington Avenue threatened employees with termination if they selected the Union and promised employees benefits, i.e. a 3% wage increase, if they rejected the Union.

AFFIDAVIT OF SERVICE

Pre School of America
Attn: Joanne Fan, Owner
101 West End Avenue
New York, NY 10023

Re: Pre School of America
Case No. 2-CA-40056

Nicole Buffalano

AMENDED
[   X   ] CHARGE          [      ] PETITION

I certify that I served the above-referenced letter this day by post paid regular mail on the
addressee above together with a transmittal letter.  This is a true copy.

_____
(Signature)

Subscribed and sworn to before me

This _____24th_____ day of _____January_____ 2011

Designated Agent

_____