# NOTICE

The Complaint attached hereto alleges that the Respondent has violated certain sections of the National labor Relations Act and a formal hearing has been scheduled with respect thereto. By this notice I wish to call the attention of all parties to the policy of this Agency favoring a settlement of cases notwithstanding that a Complaint has issued. It is the position of the Agency that an early settlement will be an advantage to all parties because it eliminates, among other things, the time and expense involved in formal litigation of a matter.   In furtherance of this policy the Board agent with whom you have dealt or the attorney to whom the matter has been assigned for trial, will contact the representatives of the Respondent and the Charging Party within a matter of days for the purpose of engaging in intensive discussions to determine whether or not a settlement can be achieved. All of the facilities of this office are available to the parties in furthering the .achievement of a satisfactory disposition of the matter which will be consistent with the purposes and policies of the National Labor Relations Act.

*Elbert F. Tellem*

Acting Regional Director
National labor Relations Board
Region 2

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

PRESCHOOL OF AMERICA

and                                          Case Nos.    2-CA-39988,
                                                          2-CA-40056, and
DISTRICT COUNCIL 1707,                                    2-CA-40107
AFSCME, AFL-CIO

## ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

District Council 1707, AFSCME, AFL-CIO, herein called the Union, has charged in Case

Nos. 2-CA-39988, 2-CA-40056, and 2-CA-40107 that Preschool of America, herein called

Respondent, has been engaging in unfair labor practices as set forth in the National Labor

Relations Act, 29 U.S.C. Section 151 et seq., herein called the Act. Based thereon, the Acting

General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of

the Rules and Regulations of the National Labor Relations Board, herein called the Board, issues

this Complaint and Notice of Hearing and alleges as follows:

1.     The charge in Case No. 2-CA-39988 was filed by the Union on June 22, 2010,

and a copy was served by post-paid regular mail on Respondent on June 25, 2010.

2.     (a)     The charge in Case No. 2-CA-40056 was filed by the Union on August 6,

2010, and a copy was served by post-paid regular mail on Respondent on August 11, 2010.

       (b)     The first amended charge in Case No. 2-CA-40056 was filed by the Union

on September 20, 2010, and a copy was served by post-paid regular mail on Respondent on

September 23, 2010.

       (c)     The second amended charge in Case No. 2-CA-40056 was filed by the

Union on December 30, 2010, and a copy was served by post-paid regular mail on Respondent

on January 3, 2011.

(d)     The third amended charge in Case No. 2-CA-40056 was filed by the Union on January 13, 2010, and a copy was served by post-paid regular mail on Respondent on January 24, 2011.

3.      The charge in Case No. 2-CA-40107 was filed by the Union on September 8, 2010, and a copy was served by post-paid regular mail on Respondent on September 8, 2010.

4.      (a)     At all material times, Respondent, a New York corporation, with an office and principal place of business at 345 42nd Street, New York, New York 10036, has been engaged in the business of operating preschools.

(b)     Annually, Respondent, in the course and conduct of its business operations as described above in subparagraph (a), derives gross revenues in excess of $1,000,000 and purchases goods and supplies valued in excess of $5,000 directly from suppliers located outside the State of New York.

(c)     At all material times Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

5.      (a)     At all material times, the following individuals held the positions set forth opposite their names and have been supervisors within the meaning of Section 2(11) and agents of Respondent acting on Respondent's behalf:

> Joanna Fan      Shareholder, Officer and Director
> Robin Mauro     Site Director
> Gina Cavitolo   Site Director
> Mego Gojka      Managing Director
> Jill Howard     Managing Director

(b)     Based on the allegations as set forth below in paragraphs 12 and 18, the individuals named therein have been acting as agents of Respondent within the meaning of Section 2(13) of the Act.

2

6.    (a)    The following employees of Respondent, herein called the West End Assistant Teacher Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> Included: All full-time and regular part-time teaching assistants, teaching assistants who serve as floaters, and kitchen/maintenance employees, employed by the [Respondent] at its facility located at 101 West End Avenue, New York, New York.

> Excluded: All other employees, and guards, professional employees, and supervisors as defined in the Act.

(b)    On August 2, 2010, a representation election was conducted among the employees in the West End Assistant Teacher Unit, and on August 10, 2010, the Union was certified as the exclusive collective-bargaining representative of the West End Assistant Teacher Unit.

(c)    At all times since August 2, 2010, based on Section 9(a) of the Act, the Union has been the exclusive bargaining-representative of the Unit.

7.    (a)    The following employees of Respondent, herein called the West End Head Teacher Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time head teachers employed by Respondent at its facility located at 101 West End Avenue, New York, New York.

(b)    From about May 5 to about May 10, 2010, a majority of the West End Head Teacher Unit employed by the Respondent designated and selected the Union as their representative for the purposes of collective bargaining.

(c)    At all times since around June 21, 2010, the Union has been the exclusive collective-bargaining representative of the West End Head Teacher Unit.

8.      Beginning on or around May 5, and May 24, 2010, the Union commenced organizing drives at the Employer's facilities located at 101 West End Avenue, New York, New York and 1501 Lexington Avenue, New York, New York, respectively.

9.      (a)      The following employees of Respondent, herein called the Lexington Assistant Teacher Unit, constitute a unit appropriate for the purposes of collective-bargaining within the meaning of Section 9(b) of the Act:

>       All full-time and regular part-time teaching assistants, teaching assistants who serve as floaters, and kitchen/maintenance employees, employed by the Respondent at its facility located at 1501 Lexington Avenue, New York, New York.

(b)      On or about July 12, 2010, a majority of the Lexington Assistant Teacher Unit employed by the Respondent designated and selected the Union as their representative for the purposes of collective-bargaining.

(c)      At all times since around August 5, 2010, the Union has been the exclusive collective-bargaining representative of the Lexington Assistant Teacher Unit.

10.      (a)      The following employees of Respondent, herein called the Lexington Head Teacher Unit, constitute a unit appropriate for the purposes of collective-bargaining within the meaning of Section 9(b) of the Act:

>       All full-time and regular part-time head teachers employed by the Respondent at its facility located at 1501 Lexington Avenue, New York, New York.

(b)      On or about May 24, 2010, a majority of the Lexington Head Teacher Unit employed by the Respondent designated and selected the Union as their representative for the purposes of collective-bargaining.

(c)      At all times since around August 5, 2010, the Union has been the exclusive collective-bargaining representative of the Lexington Head Teacher Unit.

4

11.     Respondent, by Joanna Fan:

(a)     On about June 21, 2010, in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies;

(b)     On about June 21, 2010, in its facility located at 101 West End Avenue, solicited the rescission of its employees' Union authorization cards;

(c)     On about June 21, 2010, in its facility located at 101 West End Avenue, created an impression among its employees that their Union activities were under surveillance by Respondent;

(d)     On about July 19, 2010, in its facility located at 101 West End Avenue, threatened employees with discharge if they went on strike;

(e)     On about July 19, 2010, in its facility located at 101 West End Avenue, threatened employees with a four-year wage freeze if they supported the Union;

(f)     On about July 19, 2010, in its facility located at 101 West End Avenue, threatened employees with plant closure if they supported the Union;

(g)     On about July 23, 2010, in its facility located at 101 West End Avenue, interrogated employees about their Union sympathies;

(h)     On about July 23, 2010, in its facility located at 101 West End Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative;

(i)     On about July 23, 2010, in its facility located at 101 West End Avenue, created an impression among its employees that their Union activities were under surveillance by Respondent;

(j)     On about July 23, 2010, in its facility located at 101 West End Avenue, by soliciting employee complaints and grievances, promised its employees increased benefits and

5

improved terms and conditions of employment if they did not select the Union as their bargaining representative;

      (k)     On about July 26, 2010, in its facility located at 101 West End Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative;

      (l)     On about July 26, 2010, in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union;

      (m)     On about July 28, 2010, in its facility located at 101 West End Avenue, promised its employees a preferable position if they voted against the Union;

      (n)     On about July 28, 2010, in its facility located at 101 West End Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative;

      (o)     On about July 30, 2010, in its facility located at 101 West End Avenue, threatened employees with termination if they engaged in a strike;

      (p)     On about July 30, 2010, in its facility located at 101 West End Avenue, either threatened employees with a five-year wage freeze if they supported the Union or promised employees a two percent wage increase if they did not support the Union;

      (q)     On about July 30, 2010, in its facility located at 101 West End Avenue, by soliciting employee complaints and grievances, promised its employees increased benefits and improved terms and conditions of employment if they did not select the Union as their bargaining representative;

      (r)     On about July 30, 2010, in its facility located at 101 West End Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative;

6

(s)     On about July 30, 2010, in its facility located at 101 West End Avenue, threatened its employees with more onerous working conditions if they selected the Union as their bargaining representative;

(t)     On about July 30, 2010, in its facility located at 101 West End Avenue, threatened employees with unspecified reprisals if they selected the Union as their bargaining representative;

(u)     On about August 2, 2010, in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies;

(v)     On about August 5, 2010, in its facility located at 1501 Lexington Avenue, threatened employees with plant closure if they supported the Union;

(w)     On about August 5, 2010, in its facility located at 1501 Lexington Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative;

(x)     On about August 5, 2010, in its facility located at 1501 Lexington Avenue, created the impression among its employees that their Union activities were under surveillance by Respondent;

(y)     On about August 5, 2010, in its facility located at 1501 Lexington Avenue, threatened employees with unspecified reprisals if they selected the Union as their bargaining representative;

(z)     On about August 5, 2010, in its facility located at 1501 Lexington Avenue, promised employees increased wages if they rejected the Union as their bargaining representative; and

7

(aa)    On about August 5, 2010, in its facility located at 1501 Lexington Avenue, threatened employees with more onerous terms and conditions of employment if they selected the Union as their bargaining representative.

12.    Respondent, by Kathy Huang,

(a)    On about June 23, 2010, in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies; and

(b)    On about June 23, 2010, in its facility located at 101 West End Avenue, solicited the rescission of its employees' Union authorization cards.

13.    Respondent, by Robin Mauro,

(a)    On about June 24, 2010, in its facility located at 101 West End Avenue, threatened employees with termination if they supported the Union;

(b)    On about June 24, 2010, in its facility located at 101 West End Avenue, interrogated its employees about their Union sympathies;

(c)    In about late June 2010, in its facility located at 101 West End Avenue, threatened employees with unspecified reprisals if they supported the Union;

(d)    On about July 9, 2010, in its facility located at 101 West End Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative;

(e)    On about July 16, 2010, in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union;

(f)    On about July 19, 2010, in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union;

(g)　　On about July 19, 2010, in its facility located at 101 West End Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative;

(h)　　In about late July 2010, in its facility located at 101 West End Avenue, interrogated its employees about their Union activities and sympathies and the Union activities and sympathies of their co-workers; and

(i)　　On about July 27, 2010, in its facility located at 101 West End Avenue, threatened employees with discharge if they went on strike.

14.　　Respondent, by Mego Gojka,

(a)　　On about July 27, 2010, in its facility located at 101 West End Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative;

(b)　　On about July 27, 2010, in its facility located at 101 West End Avenue, threatened employees with discharge if they engaged in a strike; and

(c)　　On about August 19, 2010, at Respondent's facility located at 101 West End Avenue, informed employees that they were discharged because they supported the Union.

15.　　On about July 27, 2010, Respondent, by Robin Mauro and/or Mego Gojka, in its facility located at 101 West End Avenue, threatened employees with discharge if they supported the Union.

16.　　On about July 27, 2010, Respondent, by Robin Mauro, Mego Gojka, and/or Jill Howard, in its facility located at 101 West End Avenue:

(a) Promised employees that the Respondent would consider improving its employee leave policy if employees abandoned their support for the Union; and

(b) Threatened employees with discharge if they supported the Union.

9

17.     Respondent, by Gina Cavitolo,

(a)     On about August 10, 2010, in its facility located at 1501 Lexington Avenue, created the impression that employees activities were under surveillance by Respondent;

(b)     On about August 10, 2010, in its facility located at 1501 Lexington Avenue, informed employees that employees at Respondent's 101 West End facility had been terminated for their Union activities;

(c)     On about August 10, 2010, in its facility located at 1501 Lexington Avenue, threatened employees with discharge if they supported the Union.

(d)     On about August 16, 2010, in its facility located at 1501 Lexington Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative;

(e)     On about August 16, 2010, in its facility located at 1501 Lexington Avenue, threatened employees with discharge if they supported the Union;

(f)     On about August 16, 2010, in its facility located at 1501 Lexington Avenue, informed employees that employees at Respondent's 101 West End facility had been discharged for their Union activities;

(g)     On about August 24, 2010, in Respondent's facility located at 1501 Lexington Avenue, informed employees that it would be futile for them to select the Union as their bargaining representative; and

(h)     On about August 24, 2010, in Respondent's facility located at 1501 Lexington Avenue, threatened employees with discharge if they supported the Union.

18.     About the last week of August 2010, Respondent, by Kelly Li, in its facility located at 1501 Lexington Avenue:

10

    (a)     Threatened employees with discharge if they selected the Union; and

    (b)     Promised employees increased wages if the employees rejected the Union.

19.    (a)     About July 21, 2010, Respondent issued a written warning to its employee Wendy Puello.

    (b)     Respondent engaged in the conduct described above in subparagraph (a) because Wendy Puello testified at a representation hearing before the Board in Case No. 2-RC-23509.

20.    (a)     About the dates set forth opposite their names, Respondent discharged the employees named below:

| | |
|---|---|
| Hope Dublin | August 5, 2010 |
| Anesia Lloyd | August 5, 2010 |
| Tameka Singleton | August 5, 2010 |
| Joan DeLeon | August 5, 2010 |
| Tatiana Navia | August 5, 2010 |
| Cindy Fandino | August 8, 2010 |
| Catherine Duran | August 16, 2010 |
| Tatyana Gibbs | August 16, 2010 |
| Wendy Puello | August 24, 2010 |
| Dianna DeLeon | August 24, 2010 |
| Evelyn Aguirre | August 27, 2010 |
| Magaly Linares | August 27, 2010 |
| Reina Peralta | August 27, 2010 |
| Amanda Nunes | September 1, 2010 |

    (b)     Since on or about the dates set forth opposite their names, Respondent has failed and refused to reinstate, or offer to reinstate, the employees named above in subparagraph (a) to their former positions of employment.

    (c)     Respondent engaged in the conduct described above in subparagraph (a) because the named employees of Respondent supported and/or assisted the Union and engaged in concerted, protected activities, and to discourage employees from engaging in these activities.

21.    (a)     The subjects set forth above in subparagraphs 20(a) and (b) relate to wages, hours, and other terms and conditions of employment of the West End Assistant Teacher

Unit, West End Head Teacher Unit, Lexington Assistant Teacher Unit, and Lexington Teacher Unit and are mandatory subjects for the purposes of collective-bargaining.

(b)     Respondent engaged in the conduct described above in subparagraphs teachers at 20(a) and (b) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

22.     (a)     About August 11, August 23, and September 2, 2010, the Union, by its attorney, Harvey Mars, requested that Respondent recognize it as the exclusive collective-bargaining representative of the West End Assistant Teacher Unit and bargain collectively with the Union as the exclusive collective-bargaining representative of the West End Assistant Teacher Unit.

(b)     Since about August 11, 2010, Respondent has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the West End Assistant Teacher Unit.

23.     (a)     Since about August 6, 2010, the Union, by letter, has requested that Respondent furnish the Union with the salaries for all teaching assistants who were hired to replace West End Assistant Teacher Unit employees Hope Dublin, Joan DeLeon, Anesia Lloyd, Tatiana Navia, and Tamika Singleton.

(b)     The information requested by the Union, as described above in subparagraph (a), is necessary for, and relevant to, the Union's performance of its duties as the exclusive collective-bargaining representative of the West End Assistant Teacher Unit.

(c)     Since about August 6, 2010, Respondent has failed and refused to furnish the Union with the information requested by it, as described above in subparagraph (a).

24.     (a)     Since about August 9, 2010, the Union, by letter, has requested that Respondent furnish the Union with all documentation, including time and attendance reports,

12

supporting Respondent's decision to terminate Hope Dublin, Joan DeLeon, Anesia Lloyd, Tatiana Navia, and Tamika Singleton.

        (b)     The information requested by the Union, as described above in subparagraph (a), is necessary for, and relevant to, the Union's performance of its duties as the exclusive collective-bargaining representative of the West End Assistant Teacher Unit.

        (c)     Since about August 9, 2010, Respondent has failed and refused to furnish the Union with the information requested by it, as described above in subparagraph (a).

25.     (a)     Since about August 16, 2010, the Union, by letter, has requested that Respondent furnish the Union with all documentation, including time and attendance reports, supporting Respondent's decision to terminate Catherine Duran and Tatyana Gibbs.

        (b)     The information requested by the Union, as described above in subparagraph (a), is necessary for, and relevant to, the Union's performance of its duties as the exclusive collective-bargaining representative of the West End Assistant Teacher Unit.

        (c)     Since about August 16, 2010, Respondent has failed and refused to furnish the Union with the information requested by it, as described above in subparagraph (a).

26.     (a)     Since about September 2, 2010, the Union, by letter, has requested that Respondent furnish the Union with the following information:

        1. Names and addresses of head teachers at Respondent's West End facility and all head teachers, teaching assistants, including floaters, and kitchen/maintenance employees at Respondent's Lexington facility.

        2. Salaries of all Teaching Assistants employed at Respondent's West End facility.

3. Copies of all disciplinary and warning notices for all of Respondent's employees.

4. Names of all Respondent employees who were terminated or disciplined within the last year.

5. Copies of all documents supporting the termination or discipline of the employees mentioned in response to the information request directly above.

6. Employment application given to prospective assistant teachers at Respondent's West End and employees at Respondent's Lexington facilities.

7. Copies of any training materials provided to Respondent employees at Respondent's West End and Lexington facilities.

(b)     The information requested by the Union, as described above in subparagraph (a), is necessary for, and relevant to, the Union's performance of its duties as the exclusive collective-bargaining representative of the West End Assistant Teacher Unit, West End Head Teacher Unit, Lexington Assistant Teacher Unit, and Lexington Head Teacher Unit.

(c)     Since about September 2, 2010, Respondent has failed and refused to furnish the Union with the information requested by it, as described above in subparagraph (a).

27.     By the conduct described above in paragraphs 11 through 18, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act, in violation of Section 8(a)(1) of the Act.

28.     By the conduct described above in paragraph 19, Respondent has been discriminating against employees for filing charges or giving testimony under the Act, in violation of Section 8(a)(1) and (4) of the Act.

14

29.     By the conduct described above in paragraph 20, Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization, in violation of Section 8(a)(1) and (3) of the Act.

30.     By the conduct described above in paragraphs 21 through 26, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective bargaining representative of its employees within the meaning of Section 8(d) of the Act, in violation of Section 8(a)(1) and (5) of the Act.

31.     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

Wherefore, with respect to the West End Head Teacher Unit, the Lexington Assistant Teacher Unit, and the Lexington Head Teacher Unit, the conduct described in paragraphs 11 through 26 is so serious and substantial in character that the possibility of erasing the effects of these unfair labor practices and of conducting fair elections in those units by use of traditional remedies in those units is slight and the employees' sentiments regarding representation, having been expressed through authorization cards would, on balance, be protected better by issuance of bargaining orders in each of those units than by traditional remedies alone.

Wherefore, the conduct described above in paragraphs 11 through 26 substantially impacted employee free choice of their bargaining representative, the Acting General Counsel seeks an Order requiring a responsible Respondent official read the Notice to the widest possible audience of assembled employees.

Wherefore, as part of the remedy for Respondent's unfair labor practices alleged above in paragraph 22, the Acting General Counsel seeks an Order requiring Respondent to bargain in

good faith with the Union, on request, for the period required by *Mar-Jac Poultry*, as the recognized bargaining representative in the appropriate units. The Acting General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

<u>ANSWER REQUIREMENT</u>

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before February 11, 2011, or postmarked on or before February 10, 2011**. Unless filed electronically in a pdf format, Respondent should file an original and four copies of the answer with this office.

An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on the **E-Gov tab**, select **E-Filing**, and then follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the document need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file

containing the required signature, then the E-filing rules require that such answer containing the required signature be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing.

Service of the answer on each of the other parties must be accomplished in conformance with the requirements of Section 102.114 of the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed or if an answer is filed untimely, the Board may find, pursuant to Motion for Default Judgment, that the allegations in the complaint are true.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **April 20, 2011, at 9:30 a.m. (EDT), at the Mary Walker Taylor Hearing Room on the 36th Floor of 26 Federal Plaza, New York, New York,** and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Date this 28th day of January 2011
at New York, New York

Elbert F. Tellem, Acting Regional Director
National Labor Relations Board, Region 2
26 Federal Plaza, Room 3614
New York, NY 10278

Attachments

17

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

PRE SCHOOL OF AMERICA

and

Case Nos. 2-CA-39988, 2-CA-40056 and
2-CA-40107

DISTRICT COUNCIL 1707, AFSCME

*AFFIDAVIT OF SERVICE OF:* <u>ORDER CONSOLIDATING CASES,
CONSOLIDATED COMPLAINT AND NOTICE OF HEARING</u>

I, the undersigned employee of the National Labor Relations Board, being duly sworn,
depose and say that on the date indicated below I served the above-entitled document(s)
by **post-paid <u>CERTIFIED MAIL</u>** upon the following persons, addressed to them at the
following addresses:

Pre School of America
Attn: Joanna Fan, Owner and CEO
101 West End Avenue
New York, NY 10023

District Council 1707, AFSCME
Attn: Julian De Jesus
101 Avenue of the Americas
New York, NY 10013

<u>**REGULAR MAIL**</u>
Marc Bresky, Esq.
91-31 Queens Boulvard; Suite 520
Elmhurst, NY 11373

PreSchool of America, Inc.
Attn: Joseph C Cacciato, Esq.
265 Canal Street, Suite 309
New York, NY 10013

Harvey S. Mars, Esq.
Law Office of Harvey S. Mars LLC
322 West 48th Street
New York, NY 10036

Community and Social Agency Employees'
Union, District Council 1707
Attn: Mike Green
Director of Organizing
101 Avenue of the Americas
New York, NY 10013

Subscribed and sworn to by me this:
January 28, 2011

Designated Agent

NATIONAL LABOR RELATIONS BOARD

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

PRESCHOOL OF AMERICA

    and

DISTRICT COUNCIL 1707,
AFSCME, AFL-CIO

Case Nos.    2-CA-39988
    2-CA-40056, and
    2-CA-40107

## AMENDMENT TO CONSOLIDATED COMPLAINT

A Consolidated Complaint and Notice of Hearing having issued January 28, 2011,

IT IS ORDERED, pursuant to Section 102.17 of the Board's Rules and Regulations that the above Consolidated Complaint is amended in the following respects:

(a)    The existing paragraphs in the Consolidated Complaint numbered 27, 28, 29, 30, and 31 shall be renumbered as paragraphs 28, 29, 30, 31, and 32, respectively.

(b)    The following new paragraph 27 shall be inserted into the Consolidated Complaint:

27.    At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(c)    The three existing unnumbered "wherefore" paragraphs of the Consolidated Complaint, beginning on page 15, following the conclusion of the existing paragraph 31, and ending on page 16, immediately before the "Answer Requirement" section, shall be deleted and replaced by the following four paragraphs:

Wherefore, with respect to the West End Head Teacher Unit, the Lexington Assistant Teacher Unit, and the Lexington Head Teacher Unit, the conduct described in paragraphs 11 through 26 is so serious and substantial in character that the possibility of erasing the effects of these unfair labor practices and of conducting fair elections in those units by use of traditional remedies in those units is slight and the employees' sentiments regarding representation, having been expressed through authorization cards, would, on balance, be protected better by issuance of bargaining orders in each of those units than by traditional remedies alone.

Wherefore, the conduct described above in paragraphs 11 through 26 substantially impacted employee free choice of their bargaining representative, the Acting General Counsel seeks an Order requiring a reading of the Notice in all four bargaining units, to the widest possible audience of assembled employees, by Employer Owner Joanna Fan, or by a Board Agent in the presence of Employer Owner Joanna Fan.

Wherefore, as part of the remedy for Respondent's unfair labor practices alleged above in paragraph 22, the Acting General Counsel seeks an Order requiring Respondent to bargain in good faith with the Union, on request, for the period required by *Mar-Jac Poultry*, as the recognized bargaining representative in the West End Assistant Teacher Unit.

The Acting General Counsel further seeks an Order requiring Respondent to bargain with the Union as representative of the unit employees in the West End Assistant Teacher Unit, for at least five days per month or according to another

schedule mutually agreed to by the parties until a complete collective-bargaining agreement or good-faith impasse is reached. The Acting General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

RESPONDENT IS FURTHER NOTIFIED that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations; it must file an answer to the amendment to consolidated complaint. The answer must be <u>received by this office on or before March 16, 2011, or postmarked on or before March 15, 2011</u>. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on the E-Gov tab, select E-Filing, and then follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the document need to be transmitted to the

Regional Office.  However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing.

Service of the answer on each of the other parties must be accomplished in conformance with the requirements of Section 102.114 of the Board's Rules and Regulations.  The answer may not be filed by facsimile transmission.  If no answer is filed or if an answer is filed untimely, the Board may find, pursuant to Motion for Default Judgment, that the allegations in the amendment to consolidated complaint are true.

Signed at New York, New York
March 2, 2011

Elbert F. Tellem, Acting Regional Director
National Labor Relations Board, Region 2
26 Federal Plaza, Room 3614
New York, NY 10278

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 2

PRE SCHOOL OF AMERICA

and                    Case Nos. 2-CA-39988, 2-CA-40056 and
                                    2-CA-40107

DISTRICT COUNCIL 1707, AFSCME

*AFFIDAVIT OF SERVICE OF: AMENDMENT TO CONSOLIDATED COMPLAINT*

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated below I served the above-entitled document(s) by post-paid **CERTIFIED MAIL** upon the following persons, addressed to them at the following addresses:

Pre School of America
Attn: Joanna Fan, Owner and CEO
101 West End Avenue
New York, NY 10023

District Council 1707, AFSCME
Attn: Julian De Jesus
101 Avenue of the Americas
New York, NY 10013

**REGULAR MAIL**
Marc Bresky, Esq.
91-31 Queens Boulvard; Suite 520
Elmhurst, NY 11373

PreSchool of America, Inc.
Attn: Joseph C Cacciato, Esq.
265 Canal Street, Suite 309
New York, NY 10013

Harvey S. Mars, Esq.
Law Office of Harvey S. Mars LLC
322 West 48th Street
New York, NY 10036

Community and Social Agency Employees'
Union, District Council 1707
Attn: Mike Green
Director of Organizing
101 Avenue of the Americas
New York, NY 10013

Subscribed and sworn to by me this:
March 3 , 2011

Designated Agent

NATIONAL LABOR RELATIONS BOARD