UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
STIPULATED ELECTION AGREEMENT

Re:   Preschool of America, Inc.
      Case No. 2-RC-23506

The parties agree that a hearing is waived, that approval of this Agreement constitutes withdrawal of any notice of hearing previously issued in the matter, that the petition is amended to conform to this Agreement, and further AGREE AS FOLLOWS:

1.   SECRET BALLOT. A secret-ballot election shall be held under the supervision of the Regional Director in the unit defined below at the agreed time and place, under the Board's Rules and Regulations.

2.   ELIGIBLE VOTERS. The eligible voters shall be unit employees employed during the payroll period of eligibility, including employees who did not work during that period because they were ill, on vacation, or temporarily laid off, employees engaged in an economic strike which commenced less than 12 months before the election date and who retain their status as such during the eligibility period and their replacements, and employees in the military services of the United States who appear in person at the polls. Ineligible to vote are employees who have quit or been discharged for cause since the payroll period for eligibility, employees engaged in a strike who have been discharged for cause since the commencement thereof and who have not been rehired or reinstated before the election date, and employees engaged in an economic strike which commenced more than 12 months before the election date and who have been permanently replaced. The employer shall provide to the Regional Director, within 7 days after the Regional Director has approved this Agreement, an election eligibility list containing the full names and addresses of all eligible voters. **Excelsior Underwear, Inc.**, 156 NLRB 1236; **North Macon Health Care Facility**, 315 NLRB No. 50.

3.   NOTICE OF ELECTION. Copies of the Notice of Election shall be posted by the Employer in conspicuous places and usual posting places easily accessible to the voters at least three (3) full working days prior to 12:01 a.m. of the day of the election. As soon as the election arrangements are finalized, the Employer will be informed when the Notices must be posted in order to comply with the posting requirement. Failure to post the Election Notices as required shall be grounds for setting aside the election whenever proper and timely objections are filed.

4.   ACCOMMODATIONS REQUIRED. All parties should notify the Regional Director as soon as possible of any voters, potential voters, or other participants in this election who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603, and who in order to participate in this election need appropriate auxiliary aids, as defined in 29 C.F.R. 100.603, and request the necessary assistance.

5.   OBSERVERS. Each party may station an equal number of authorized, non-supervisory-employee observers at the polling places to assist in the election, to challenge the eligibility of voters, and to verify the tally.

6.   TALLY OF BALLOTS. Upon conclusion of the election, the ballots will be counted and a tally of ballots prepared and immediately made available to the parties.

7.   POST ELECTION AND RUNOFF PROCEDURES. All procedures after the ballots are counted shall conform with the Board's Rules and Regulations.

8.   RECORD. The record in this case shall include this Agreement and be governed by the Board's Rules and Regulations.

9. COMMERCE. The Employer is engaged in commerce within the meaning of Section 2(6) and (7) of the National Labor Relations Act and a question affecting commerce has arisen concerning the representation of employees within the meaning of Section 9(c). *(Insert commerce facts.)*

Preschool of America, Inc., the Employer herein, a New York corporation with an office and place of business located at 101 West End Avenue, New York, New York, the sole facility involved herein, is engaged in the operation of a pre-school. Annually, in the course and conduct of its business operations, the Employer derives gross revenues in excess of $1,000,000, and purchases goods and supplies valued in excess of $5,000 directly from suppliers outside the State of New York.

10. WORDING ON THE BALLOT. When only one labor organization is on the ballot, the choice shall be "Yes" or "No". If more than one labor organization is on the ballot, the choices shall appear as follows, reading left to right or top to bottom. *(If more than one labor organization is on the ballot, any labor organization may have its name removed by the approval of the Regional Director of a timely written request.)*

11. PAYROLL PERIOD FOR ELIGIBILITY - THE PERIOD ENDING – Wednesday, June 30, 2010

12. DATE, HOURS, AND PLACE OF ELECTION.

DATE:     Monday, August 2, 2010
HOURS:    1:00 p.m. to 3:00 p.m.
PLACES:   In the gym at the Employer's facility located at 101 West End Avenue, New York, NY

13. APPROPRIATE COLLECTIVE-BARGAINING UNITS –

INCLUDED: All full-time and regular part-time teaching assistants, teaching assistants who serve as floaters, and kitchen/maintenance employees, employed by the Employer at its facility located at 101 West End Avenue, New York, New York.

EXCLUDED: All other employees, and guards, professional employees, and supervisors as defined in the Act.

PRESCHOOL OF AMERICA, INC.
*(Employer)*

By _Martin Gringer_  7-1-10
   *(Name)*        *(Date)*
MARTIN GRINGER, ESQ.
   *(Title)*

COMMUNITY AND SOCIAL AGENCY EMPLOYEES' UNION, DISTRICT COUNCIL 1707, AFSCME, AFL-CIO
*(Petitioner)*

By _Harvey Mars_
   *(Name)*        *(Date)*
HARVEY MARS, ESQ.
   *(Title)*

Recommended:
_____  7/1/10
*(Board Agent)*   *(Date)*
STEPHEN L. BERGER, Board Agent

Date Approved _____  7/1/10
By _____
ACTING, Regional Director
National Labor Relations Board
Case No. 2-RC-23506